IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LONNIE KADE WELSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAMB COUNTY, TEXAS, *et al.*, | ) |
| | ) |
| Defendants. | ) Civil Action No. 5:20-CV-077-C-BQ |

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge therein advising the Court that Plaintiff's claims should be dismissed with prejudice under 28 U.S.C. § 1915A for failure to state a claim.[1]

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After due consideration and having conducted a *de novo* review, the Court finds that Plaintiff's objections should be **OVERRULED**. The Court has further conducted an independent review of the Magistrate Judge's findings and conclusions and finds no error. It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation are hereby

---

[1] Plaintiff filed timely objections to the Magistrate Judge's Findings, Conclusions, and Recommendation on January 5, 2021. *See* Doc. 30.

**ADOPTED** as the findings and conclusions of the Court. For the reasons stated therein, Plaintiff's claims are **DISMISSED** with prejudice under 28 U.S.C. § 1915A. The Clerk of Court is directed to **STRIKE** Plaintiff's Supplemental Complaint as Plaintiff failed to seek leave of Court to file the same.[2] *See* Doc. 31. Any and all pending motions are **DENIED** as moot.

SO ORDERED.

Dated January 24, 2022.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Even if Plaintiff had sought leave to amend or supplement his claims, the request would be denied because he seeks to present claims of new and different causes of action against different defendants not relevant to his claims in this civil action. "Leave to supplement should not be granted where a plaintiff attempts to present 'new and different cause[s] of action'" *Garcia v. Hackman*, No. C-10-311, 2011 WL 2457918, at *19 (S.D. Tex. Jun. 16, 2011) (quoting *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226 (1964)).